THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SETH D. HARRIS,[1] Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SMI BUILDING SERVICES LLC, and FRANK CHRISTIN,<br><br>Defendants. | CASE NO. C12-0399-JCC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS IN PART and DENIES IN PART the motion for the reasons explained herein.

**I.   BACKGROUND**

Defendant SMI Building Services LLC ("SMI") is a commercial cleaning business owned solely by Defendant Frank Christin. (Dkt. No. 21 at 2.) SMI employees provide janitorial

---

[1] Seth D. Harris was appointed as Acting Secretary of Labor on January 24, 2013. Pursuant to Federal Rule of Civil Procedure 25(d) the caption has been changed to reflect this appointment.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE - 1

services for businesses. (*Id.*) The sixteen employees on whose behalf the Secretary of Labor ("Secretary") has brought suit cleaned movie theaters, bars, casinos, restaurants, and office buildings in Western Washington. (Dkt. No. 21 at.) After an investigation, the Secretary brought suit alleging that Defendants failed to pay their employees the minimum wage and time and a half for overtime worked, as required under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* (Dkt. No. 1; Dkt. No. 17.)

Defendants classified SMI employees as "independent contractors" and paid them a set monthly rate for specific cleaning jobs. (Dkt. No. 21 at 2.) For example, Defendant Christin states that employee Mario Gonzalez was paid $1,500 per month to clean a movie theater in North Seattle seven days a week. (Dkt. No. 21 at ¶¶ 16–17.) According to Christin, he did not set the hours employees worked but rather he told them that "they have to work as long as it takes to get the job done." (Dkt. No. 21 at ¶ 5.)

Plaintiff submitted in support of his motion for summary judgment two declarations of Brooke Kent, who has been an Investigator for the Wage and Hour Division of the United States Department of Labor for over twenty years. (Dkt. No. 17 at 1, Dkt. No. 24.) Investigator Kent states that she conducted an investigation of Defendants, which included interviews with corporate representatives and employees and review of payroll and other records provided by corporate representatives and employees. (Dkt. No. 17 at 1–3.) Investigator Kent states that wage and hour investigators also interviewed employees who "gave credible statements of the hours they worked." (Dkt. No. 17 at 4.) Based on those interviews, Investigator Kent computed wages owed using "the standard formula required by law." (*Id.*) Investigator Kent created a table, which the parties refer to as "Table 1," listing seventeen employees and the amounts of wages they are allegedly owed. (Dkt. No. 17 at 6.) Plaintiff did not provide any declarations from former SMI employees regarding the number of hours they worked. Investigator Kent's declaration in support of Plaintiff's reply provides information about the specific hours allegedly worked by each employee listed on her "Revised Table 1." Investigator Kent concedes that one employee

was erroneously listed twice on Table 1. That error is corrected on Revised Table 1. (Dkt. No. 24 at 2.) Investigator Kent also "refined" her estimated hours worked for Mario Gonzalez and Marcella Guerrero Cruz, resulting in a reduction of over $8,500 in the back wages Plaintiff claims for both Mr. Gonzalez and Ms. Cruz. (Dkt. No. 24 at 4.)

On August 20, 2012, Plaintiff served on Defendants thirty-three requests for admission. (Dkt. No. 16-1 at 1–18.) Defendants have not answered Plaintiff's requests for admission. On October 2, 2012, Plaintiff's counsel sent Defendants' counsel a letter advising him that Plaintiff "will be proceeding in this matter with the understanding that your clients have admitted Requests for Admission Nos. 1 through 33, by operation of Federal Rule of Civil Procedure 36(a)(3)." (Dkt. No. 16-2.) Defendants' opposition to Plaintiff's motion for summary judgment states: "Defendants did not answer the Requests for Admission served by the Plaintiff because Defendants would have needed to admit all the Requests." (Dkt. No. 18 at 8.) As required by Federal Rule of Civil Procedure 36(a)(3) and based on Defendants' statement to the Court, the Court deems admitted all thirty-three of Plaintiff's Requests for Admission.

Plaintiff moves for summary judgment on all of his claims. He argues that there is no genuine issue of material fact as to whether: (1) Defendants failed to pay their employees at least the minimum wage for each hour worked; (2) Defendants failed to pay their employees at least one and one-half times their regular rate of pay for overtime worked; (3) Defendants failed to keep accurate records of time their employees worked, as required by the FLSA; and (4) Defendants failure to keep records was willful. Plaintiff seeks an award of back wages and liquated damages and entry of an injunction barring Defendants from further violations of the FLSA.

**II.     DISCUSSION**

    **A.     Summary Judgment Standard**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

1  Civ. P. 56(a). An issue of fact is genuine if there is sufficient evidence for a reasonable jury to
2  find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). At
3  the summary judgment stage, evidence must be viewed in the light most favorable to the
4  nonmoving party, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id*. at
5  255. "The determination of whether a given factual dispute requires submission to a [fact finder]
6  must be guided by the substantive evidentiary standards that apply to the case." *Id.*

   **B.    Fair Labor Standards Act**

   Employers covered by the FLSA are required to pay their non-exempt employees at least the federal minimum wage and are required to pay them one and one-half times their regular rate of pay for any hours over forty worked in a single week. 29 U.S.C. §§ 206, 207. Employers have a duty under the FLSA to keep records of hours worked and wages paid to employees. *Id.* § 211(c). Where the employer has failed to keep accurate records, the employee has the burden to prove that he has performed work for which he was improperly compensated and to "produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). "The burden then shifts to the employer to come forward with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence" by providing an "accurate estimate" of the time worked. *Id.* at 687–88, 693.

   **1.   Failure to Keep Records**

   Defendants admit that they are employers covered by the FLSA and that the individuals on whose behalf the Secretary has brought suit were Defendants' employees.[2] (Dkt. No. 18 at 7–

---

[2] The Court does not accept Defendant Christin's assertion that "Ivan Nava Velez never worked for SMI." (Dkt. No. 21 at ¶ 14.) Christin's declaration also states that "Ivan Velez Nava" did work for SMI. (Dkt. No. 21 at ¶ 26.) Moreover, Plaintiff's Request for Admission No. 2 asks Defendants to admit that "[y]ou employed each person listed on Exhibit A to Plaintiff's Complaint during the relevant time period." (Dkt. No. 16-1 at 7.) The Court deems Defendants to have admitted that they employed all individuals listed on Exhibit A to Plaintiff's Complaint, including Ivan Velez Nava.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 4

8.) The Court deems Defendants to have admitted that they failed to "keep and maintain records pursuant to 29 C.F.R. § 516.2(a) for each worker," as stated in Plaintiff's Request for Admission No. 18. (Dkt. No. 16-1 at 13.) As a result, Plaintiff's motion for summary judgment on Defendants liability for failure to keep records as required under section 11 of the FLSA is granted.

### 2. Liability and Back Wages Owed

Defendants dispute Plaintiff's assertion that any of the sixteen employees included on Revised Table 1 worked more than forty hours per work or were paid less than the minimum wage. (Dkt. No. 18 at 2.) Plaintiff asserts that the declarations of Investigator Kent are sufficient to establish the number of hours worked by SMI employees as a matter of "just and reasonable inference" and that to avoid summary judgment, Defendants must provide evidence of the numbers of hours each employee worked. *See Mt. Clemens Pottery Co.*, 328 U.S. at 687. Although Plaintiff is correct that employees have a relatively low burden to establish damages once they have demonstrated liability—that they were undercompensated for work performed—Plaintiff glosses over his initial burden to establish liability. The Court cannot ignore the two declarations submitted by Defendants, which assert personal knowledge that many of the individuals on whose behalf Plaintiff has brought suit never worked more than thirty-five or forty hours per week. (Dkt. No. 20 at ¶ 5 ("None of them ever worked more than 35 hours a week."); Dkt. No. 21 at ¶ 7 ("I know that no one listed on Table 1 was working more than 40 hours a week for SMI because I was at the cleaning jobs every week").) These assertions, if true, would undermine Plaintiff's claims that employees were not properly compensated for overtime work and that employees' hourly wages fell below the minimum wage.

Plaintiff argues that the declarations of Defendant Christin and Rosa Camara are "self-serving and incomplete." (Dkt. No. 22 at 7.) As the Ninth Circuit has explained, however, "declarations oftentimes will be self-serving —[a]nd properly so, because otherwise there would be no point in [a party] submitting [them]." *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007)

1  (quoting *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999)) (alteration in original)
2  (internal quotation marks omitted). "In most cases, consequently, '[t]hat an affidavit is
3  selfserving bears on its credibility, not on its cognizability for purposes of establishing a genuine
4  issue of material fact.'" *Id.* (alteration in original). "Only in certain instances—such as when a
5  declaration state[s] only conclusions and not such facts as would be admissible in evidence—can
6  a court disregard a selfserving declaration for purposes of summary judgment." *Id.* (alteration in
7  original) (internal quotation marks omitted).

8        The declarations of Defendant Christin and Ms. Camara are internally inconsistent. For
9  example, Ms. Camara's declaration states that Mario Gonzalez "would typically work six hours
10 per day" but two paragraphs later states that Mr. Gonzalez "averaged a total of five hours per
11 day." (*Compare* Dkt. No. 20 at ¶ 11 *with* Dkt. No. 20 at ¶ 13.) Similarly, Ms. Camara states that
12 she personally supervised eight different job sites and asserts that she visited each site at least
13 once per week and visited many of them "at least two or three times per week." (*See, e.g.*, Dkt.
14 No. 20 at ¶¶ 8, 11, 17, 19.) The Court notes that it is difficult to believe that Ms. Camara in fact
15 visited all of these sites as frequently as she asserts during the limited time frames that she
16 asserts, given that some of them are separated by a distance of approximately forty miles.[3] As
17 described in footnote two, Defendant Christin's declaration has similar flaws.

18       On summary judgment, however, the Court is required to accept the nonmoving party's
19 evidence as true and draw all justifiable inferences in the nonmoving party's favor. *Anderson*,
20 447 U.S. at 225. Accepting the declarations of Defendant Christin and Ms. Camara as true, there
21 are genuine issues of fact as to whether Defendants failed to properly compensate some of the
22 employees listed on Revised Table 1, and if so, how much the employees are owed. Specifically,
23 Defendant Christin and Ms. Camara assert personal knowledge regarding the hours worked by
24 David Baldivias Herrera, Marco Escamilla, Herman Geronimo, Juvenal Geronimo, Mario

25 ─────────────
26     [3] The Court takes judicial notice of the fact that the distance between Everett, Washington and Burien, Washington is approximately forty miles. Fed. R. Evid. 201.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 6

Gonzalez, Marcella Guerrero-Cruz, Victor Manuel Narvaez Torres, Humberto Perez Reynoso, Gudelia Reynoso Alvarez, Homero Velez, and Ivan Velez Nava.

Defendants' declarations, however, include no information about the other individuals included on Revised Table 1. Neither declaration describes hours worked by Eliserio Hernandez Rodriguez, Dioronis Rumbo, or Alexander Slovensky. Because Defendants failed to present any evidence contrary to Plaintiff's evidence of wages owed to Eliserio Hernandez Rodriguez, Dioronis Rumbo, or Alexander Slovensky, Plaintiff is awarded back wages claimed on behalf of those employees in the amount of $3,089.75.[4]

Defendant Christin's declaration also states that the claims of Yaren Rumbo should be disregarded because the Washington State Department of Labor and Industries previously dismissed Yaren Rumbo's claim against Mr. Christin for non-payment of wages. (Dkt. No. 21 at 3, 13–14)  The state agency decision, to which Defendant Christin refers, addresses a complaint by another employee listed on Revised Table 1, Yanet Perez Reynoso. The time period covered by the state agency decision is the same as the time period for which Plaintiff makes claims on Ms. Perez Reynoso's behalf.[5] (*Compare* Dkt. No. 24 at 10 *with* Dkt. No. 21 at 13–14.) As a

---

[4] Plaintiff seeks compensation for these three employees' time at the federal minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). In 2009 and 2010, Washington State's minimum wage was $8.55 per hour and in 2011 it was $8.67 per hour. *See* History of Washington Minimum Wage, *available at* http://www.lni.wa.gov/WorkplaceRights/Wages/Minimum/History/default.asp. It is not clear to the Court why Plaintiff seeks back wages at the lower federal minimum wage rate for some of the hours worked by SMI employees, but compensation at the higher state rate for other hours. (*See* Dkt. No. 24-1 (worksheets calculating back wages due).) If Plaintiff has a legal basis for seeking compensation at the higher state rate, he may move to amend the Court's award of back wages.

[5] Claims for wages due before March 2010 appear to fall outside the FLSA two-year statute of limitations. *See* 29 U.S.C. § 255. The statute of limitations is an affirmative defense that must be pled in a defendant's answer. *See* Fed. R. Civ. P. 8(c); *Hodgson v. Humphries*, 454 F.2d 1279, 1283–84 (10th Cir. 1972). The Court deems any statute of limitations defense Defendants may have had to be waived. In addition, an employer's willful violation of the FLSA extends the statute of limitations to three years. 29 U.S.C. § 255; *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). The Court reserves judgment on the willfulness of any violations.

result, the Court denies summary judgment on Plaintiff's claim for wages owed to Ms. Perez Reynoso. In subsequent proceedings, Plaintiff is free to argue that the state agency decision has no preclusive effect on this action. Because Defendants presented no evidence regarding hours worked by Yaren Rumbo, Plaintiff is awarded back wages on Rumbo's behalf in the amount of $1,359.00.

### 3. Liquidated Damages

An employer who violates the FLSA's minimum and overtime wage provisions, "shall be liable to the . . . employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Courts, however, have discretion to award no liquidated damages or to award less than the statutory double damages if the employer shows that the acts or omissions giving rise to the FLSA violation were taken in good faith and that the employer had reasonable grounds for believing the acts or omissions did not violate the FLSA. *See* 29 U.S.C. § 260.  The employer must shows that "the employer acted in subjective good faith and had objectively reasonable grounds for believing that the acts or omissions giving rise to the failure did not violated the FLSA." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999)) (internal quotation marks omitted). "To satisfy § 260, a FLSA-liable employer bears the 'difficult' burden of proving both subjective good faith and objective reasonableness, 'with double damages being the norm and single damages being the exception.'" *Id.* at 910 (quoting *Herman*, 172 F.3d at 142).

Defendants provided no evidence of subjective good faith or objectively reasonable grounds for their failure to pay required wages to the employees on whose behalf the Court has awarded back wages. Defendants' explanation for any FLSA violations is their reliance on their unilateral decision to classify employees as independent contractors and their assertion that employees did not tell Defendants that they were working overtime. Defendants' reliance on their own decision to misclassify employees as independent contractors is not an objectively

reasonable basis for believing that they did not have to keep records of the hours employees worked or comply with the FLSA's wage requirements. Defendants have presented no evidence that they sought advice from an attorney, reviewed information about classification of employees that is available on the websites of both the federal Department of Labor and the state's Department Labor and Industries, or took any other steps to determine whether their classification of janitors as independent contractors was objectively reasonable. Moreover, Plaintiff's Request for Admission No. 32, which is deemed admitted for the reasons previously discussed, establishes that the "employment practices" of SMI and Mr. Christin were investigated by the Washington State Department of Labor and Industries in 2009, 2010, and 2011.[6] Those investigations would have led a reasonable employer to seek clarification regarding the legality of his employment practices.

The Court finds no evidence in the record of either subjective good faith or any objectively reasonable basis for Defendants' failure to pay all wages due under the FLSA. Plaintiff is awarded statutory liquidated damages in the amount of $4,448.75 on behalf of employees Eliserio Hernandez Rodriguez, Dioronis Rumbo, Alexander Slovensky, and Yaren Rumbo.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. No. 15) is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded damages for back wages in the amount of $4,448.75 and liquidated damages in the amount of $4,448.75 for a total award of $8,897.50. The Court will consider Plaintiff's request for an injunction when it resolves the remaining issues of liability.

//

//

---

[6] The Court does not find that this admission alone, without further details about the state investigations, conclusively establishes that any FLSA violations were willful.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 9

1     DATED this 11th day of March 2013.

2

3

4

5

6

7                                         John C. Coughenour

8                                         UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
PAGE - 10